SARAH J. GAMBLE'S EX'R *v.* F. HUMBERT AND OTHERS.

**Frauds, Statute of—Sufficiency of Memorandum.**

Where a memorandum relied on gives no description of the property alleged to have been leased, and the parties were not in possession of the property when the memorandum was made, and did not afterwards take possession of it and the property could only be located by extrinsic evidence, it is not sufficient to take the transaction out of the statute of frauds.

**Vendor and Purchaser—Recovery for Improvements by Vendor.**

Where no enforceable contract of sale has been made, a vendor can not recover for improvements placed upon the land by him at the instance of the vendees.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 7, 1873.

OPINION BY JUDGE PRYOR:

The memorandum relied on by the appellant as taking the present case without the operation of the statute of frauds although containing many of the evidences of what the contract should contain when fully executed gives no description whatever of the property alleged to have been leased. The court is unable to ascertain from an inspection of it what character of real estate it was, or even its location. The chancellor, when called upon to enforce such a contract, would have to ascertain by extraneous testimony what property it was the appellant was endeavoring to lease. This court in the case of *Overstreet v. Rice*, 4 Bush 1, where the contract had been entered into for an exchange of farms, and the exchange actually made permitted parol proof to identify the property for the reason that the parties by their subsequent acts in actually taking possession has so identified it as to remove all uncertainty in regard to what property had been exchanged. It was upon that same reasoning that the court in the case of *Ellis v. Deadman's Heirs*, 4 Bibb. 466, adjudged that the writing if it had specified the terms of the contract would have been enforced although the only description of the property sold was "that it was a house and lot in Versailles."

The vendee had paid a part of the purchase money and was in the possession of the property, so there could have been no question as to its identity. The parties in this case were not in the passession of the property when the memorandum was made nor did they take possession afterwards or in any manner consummate the proposed agreement. The memorandum was evidently made in order that a contract might be written from it, and there is no evidence that the appellees ever agreed to accept it. The mere fact that the vendor signs the writing does not bind the party purchasing unless there is an acceptance. If there had been an acceptance, however, of its terms as stated in the memorandum the statute of frauds would have defeated the recovery as there was no description of the property. By permitting parol proof to supply such an omission the statute would be rendered inoperative and the rule heretofore established with reference to the principle involved, greatly enlarged. Nor is the appellee entitled to recover upon the second count in the petition. Parties who enter in possession of property as purchaser or lessee, in good faith, and make improvements, are permitted to recover the value of the improvements made when the lessee or vendor refuses to execute the contract for the reason that the venue has had the property increased in value by the labor and means of those who derive no benefit from it. In the present case, however, the vendor is attempting to recover for an improvement that she has placed upon her own property or damage on account of alterations made in the building at the instance of the appellees. If the appellant is entitled to recover in such a case it must be upon the idea that a contract that could be enforced was made between the parties. It has been adjudged that no action could be maintained on such a writing and it would be incumbent to make a party liable for the violation of an obligation which neither a court of law or equity can enforce. If the appellees had derived any benefit from a parol contract of leasing that has been avoided by them, they could be made liable if in possession and the contract had been adjudged null and void; for the reason that its terms were not set forth they would be liable for the rent, or for breach committed upon the premises. This liability arises from the benefits received from the use of the property or injuries committed while in the possession and not for the reason that a contract was made that could be enforced between the parties. The building in this case is on

the premises. The improvement inures to the benefit of the vendor and there is no way of making the appellees liable in such a case in the absence of a valid contract, for the performance of which they were bound. The judgment is *affirmed*.

*Arbogust, for appellant.*

*Gazlay, Y. & R., for appellee.*